**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION**

| | | |
|---|---|---|
| **BENTON V. HUBBLE,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **1:04-cv-0967-SEB-VSS** |
| | ) | |
| **DENNIS RICE, Sheriff of Montgomery** | ) | |
| **County, in his individual and official** | ) | |
| **capacities; JAKE WATSON, Deputy Sheriff,** | ) | |
| **in his individual and official capacities; and** | ) | |
| **STATE POLICE OFFICER MATTHEW** | ) | |
| **VORHEES, individually,** | ) | |
| **Defendants.** | ) | |

**ENTRY ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This matter is before the court on the Defendants' Motion for Summary Judgment.  For the reasons discussed in this entry, we deny the motion.

**I.      Summary Judgment Standard**

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Fed. R. Civ. P. 56( c )).*  In determining summary judgment, the court will view all evidence, and draw reasonable inferences, in the light most favorable to the non-moving party.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-51 (1986).

## II.     Factual Background

Plaintiff,  Benton V. Hubble, was detained for a traffic stop by Indiana State Trooper Matthew Voorhees on May 7, 2002.  Trp. Voorhees claims that he stopped Hubble for driving left of the center line and for driving 71 mph in a 55 mph zone.  Hubble maintains that he did not violate either traffic rule and further, that the reason for his detention was his political opposition to the re-election of Montgomery County Sheriff, Dennis Rice.  Hubble alleges that, pursuant to the directions of Sheriff Rice, Deputy Sheriff Watson identified Hubble's car as having been at a social gathering held in support of a candidate opposing Sheriff Rice and directed Trp. Voorhees to stop it.  Hubble's lawsuit is framed against these three Defendants - Rice, Watson and Vorhees.

During the traffic stop, Hubble refused to submit to a chemical test for blood alcohol content and was taken into custody on May 7, 2002.  On May 29, 2002, three charges were preferred:  (I) operating a vehicle while intoxicated in a manner that endangers a person, (II) driving on the left half of the roadway, and (III) operating a vehicle in excess of the posted speed limit.  Mr. Hubble pled guilty to Count I (as amended) for operating a vehicle with a BAC of at least .08 (a class C misdemeanor).  In exchange for his plea, Counts II and III were dismissed. Mr. Hubble was sentenced on August 7, 2002 to the Montgomery County Jail for 60 days, which time was suspended following time served, a fine of $100.00 plus court costs of $332.50, the suspension of his driver's licence for 90 days, and formal probation for 180 days.

## III.    Analysis

Hubble's lawsuit is based on two theories.  He first asserts that Defendants violated 42 U.S.C. § 1983 by stopping his vehicle without probable cause, in violation of his Constitutional rights under the Fourth, Fifth, and Fourteenth Amendments.  Second, he maintains that the Defendants violated 42 U.S.C. § 1985 by conspiring to detain him (and others) based on their political affiliation, thereby denying their Constitutional right to equal protection under the laws.

Hubble alleges that he was stopped by Trp. Voorhees, without probable cause, at the direction of Sheriff Rice.  Defendants move for summary judgment and, like Plaintiff, they draw upon two legal theories to support their motion: first, that  Hubble's claims are barred, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), and, second,  Hubble's claims are barred by the doctrine of collateral estoppel.  As explained below, both of Defendants' arguments fail as a matter of law under the facts of this particular case.

### *Heck v. Humphrey*

In *Heck,* the Supreme Court established a rule barring recovery under 42 U.S.C. § 1983 if a successful claim would imply the invalidity of a previous, standing conviction. *Heck* at 487. Their ruling stands as a limit on the ability of convicted criminals to attack their convictions through channels other than the appeal process, which it deemed to be the appropriate remedy. *Id* at 486.  Therefore, in analyzing a § 1983 claim involving a convicted plaintiff, we must determine the effect of a successful claim on the validity of that  plaintiff's previous conviction.

Applying the *Heck* doctrine to Hubble's § 1983 claim, we must determine the issues on which he must prevail in order to succeed.  Once those issues are identified, they are compared to the issues underlying the guilty plea resulting in Hubble's conviction, to determine if any are common issues, and, if so, whether a resolution of those issues in Hubble's favor here would invalidate his conviction.

Defendants contend that Hubble's § 1983 claim of arrest without probable cause, if successful, would invalidate his conviction because the conviction was predicated on the existence of probable cause.  In support of this argument, Defendants rely upon *Davis v. Schifone*, 185 F.Supp.2d 95 (D. Mass. 2002), which is in many respects comparable to this case. In *Davis*, the district court found that a § 1983 claim for false arrest based on an absence of probable cause was barred by the *Heck* doctrine because the finding of probable cause was indispensable to the conviction.  *Id* at 97.  However, *Davis*'s factual similarities to Hubble's case give way in the presence of one significant factual distinction.  In *Davis*, the § 1983 claimant had been found guilty of driving while intoxicated after a trial , *Id.* at 98; Hubble was convicted based on his plea of guilty.

Judge Kennelly of  the Northern District of Illinois clearly  described the importance of this distinction in a recent § 1983 case:

> Probable cause to arrest and guilt are, in fact, two distinct issues.  The former involves whether the officer had sufficient information *at the time of the arrest* to warrant a reasonable person to believe that the defendant had committed the crime; the latter involves whether there is sufficient evidence *at the time of conviction* (by trial or guilty plea) to demonstrate the defendant's guilt beyond a reasonable doubt.  The fact that there is ultimately sufficient evidence to convict a criminal defendant does not always mean that there was probable cause to arrest him in the first place.  It is not particularly uncommon for the police to develop

-4-

significant evidence *after* arresting the suspect that ultimately is the critical evidence leading to a conviction.

*Lang v. City of Round Lake Park,* 87 F.Supp.2d 836, 843 (N.D.Ill. 2000).

This distinction between a conviction after trial and after a guilty plea is important because a trial often requires adjudication of evidentiary issues that are not necessary when a defendant pleads guilty.  In fact, the issue of probable cause is often such an issue.  Hubble's plea agreement did not discuss probable cause for his arrest and there is no indication that a probable cause hearing was ever conducted.  If it is determined that there was no probable cause for Hubble's arrest, his conviction will not necessarily be invalidated, because his plea did not require a finding of probable cause for his arrest.  In addition, there is nothing in the record to support a finding that Hubble knowingly waived a determination of that issue.  Since a finding in Hubble's favor on the issue of probable cause in this § 1983 action will not negate any element of his criminal offense  the *Heck* doctrine does not apply.[1]  *See, Id.* at 487 n. 6.

### Collateral Estoppel

Defendants import the same faulty premise into their argument that collateral estoppel bars Hubble from raising these issues in this civil case.  Contending that probable cause is

---

[1]This is not to say that the Court harbors no doubts regarding the ultimate viability of Plaintiff's Complaint.  For example, we fail to grasp Mr. Hubble's reasoning in claiming race or class based discrimination, a prerequisite to success under 42 U.S.C. § 1985.  *See Hossman v. Blunk*, 784 F.2d 793, 797 (7th Cir. 1986).  In addition, there has been no briefing or argument on the issue of the nature or proximate cause of the damages being claimed by Hubble:  were damages incurred from the stop which allegedly occurred without probable cause or from the conviction and resulting suspension of Plaintiff's drivers license?  Unfortunately, the sparse briefing by the parties on these issues deprives us of this information.

automatically established through Hubble's guilty plea, they seek to have this claim dismissed. Generally, the doctrine of collateral estoppel exists to prevent litigants from re-litigating issues that have already been the subject of a fair legal determination.  A litigant who has had a "full and fair opportunity" to contest an issue may not raise that same issue at a future trial. *Wolverine Mut. Ins. V. Vance ex rel. Tinsley*, 325 F.3d 939, 943 (7th Cir. 2003).  However, if the "party against whom an earlier court decision is asserted did not have a full and fair opportunity to litigate the claim or issue decided by the first court," a state-court judgment would not preclude a further inquiry into the issue.  *Haring v. Prosise*, 462 U.S. 306, 314 (1983).

In *Haring*, the Supreme Court relied on state law in determining if collateral estoppel applied to a § 1983 claim.  *Id*. at 314.  Similarly, we examine Indiana law to determine if collateral estoppel applies here.  The Indiana Supreme Court, in addressing this issue,  has opined that "[t]he concept of collateral estoppel means simply that when an issue of material fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Underwood v. State*, 722 N.E.2d 828, 833 (Ind. 2000).  In order for estoppel to foreclose litigation of an issue, the parties or their proxies must previously have actually litigated the issue and it must have served as a predicate upon which judgment was reached.  *Webb v. State*, 453 N.E.2d 180, 183-84 (Ind. 1983); *Brown v. Jones*, 804 N.E.2d 1197, 1202-1203 (Ind. App. 2004).  Here, any issue essential to Hubble's conviction may not be relitigated and the burden of showing that an issue was determinative in a previous litigation rests on the party asserting collateral estoppel.  Defendants assert that, because Hubble pled guilty to the crime for which he was arrested, probable cause was conclusively established and he is collaterally estopped from relitigating the matter.  As previously explained, this logic

fails at the point where Defendants claim probable cause for Plaintiff's arrest was previously established.

Hubble's plea of guilty allowed him to bypass a trial. Thus the issue of probable cause for his arrest was never specifically decided; in fact, he pled guilty to an amended charge. No mention of probable cause for his arrest was included in the plea agreement or otherwise made of record, and his conviction and sentence did not flow from or depend on a finding that the officers had probable cause to arrest him and there was no express waiver of the issue. Hubble's guilty plea thus does not serve to collaterally estop his litigating the probable cause issue and Defendants' Motion for Summary Judgment is without merit.

## IV.    Conclusion

Hubble's criminal conviction, which came as a result of his plea agreement, did not include a determination of probable cause for his arrest. Because neither the *Heck* doctrine nor collateral estoppel foreclose such a determination in this subsequent civil litigation challenging the existence of probable cause to pull over Hubble's car prior to his arrest, Defendants' Motion for Summary Judgment must be, and is hereby DENIED.

**IT IS SO ORDERED.**


**Date:** 11/08/2005

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

James E. Ayers
WERNLE RISTINE & AYERS
ayersj@wralaw.com

Chad M. Buell
INDIANA STATE ATTORNEY GENERAL
cbuell@atg.state.in.us

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Wayne E. Uhl
STEPHENSON MOROW & SEMLER
wuhl@stephlaw.com